IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:04CR204 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GARY DEAN GOCHENOUR, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of a sentencing recommendation from Michael R. Norton, Supervising United States Probation Officer. The parties have also been provided with a copy of that recommendation.

In the recommendation, Mr. Norton suggests that I "deviate" from the Guidelines by imposing a prison sentence of 110 months rather than impose a sentence within the advisory Guideline range. That range is 151 to 188 months.

Mr. Norton makes this suggestion because: (1) the defendant, who stands in criminal history VI both by virtue of his criminal history and his status as a career offender, faces sentencing in this court for two counts of bank robbery and one count of attempted bank robbery in June of 2001; (2) within a week of those federal crimes, the defendant also robbed an IHOP restaurant; (3) he was locked up for about three years in a state prison on the IHOP robbery; (4) after the defendant got out of prison on the IHOP case, he was charged in this case; and (5) although Mr. Norton did not believe I could give credit under the advisory Guidelines for the IHOP sentence (apparently because the IHOP charge was unrelated to the instant charges, see U.S.S.G. § 5G1.3(b)), I should nevertheless impose a lesser prison sentence because the prior IHOP sentence worked to break the defendant's cycle of criminal conduct as evidenced by the defendant's exemplary behavior after being released from state prison. In essence, Mr. Norton suggested that I leave the defendant's criminal history

at VI but sentence the defendant as if his base offense level had not been increased by 4 points as a result of his status as a career offender.[1]

I am intrigued by Mr. Norton's recommendation. In considering that recommendation, I am also persuaded that I should know why the government waited until after the defendant was released from state prison before charging or arresting him in this case.

With the foregoing in mind,

IT IS ORDERED that:

1.   Michael R. Norton, Supervisory United States Probation Officer, shall provide me with a letter-report (via e-mail) indicating why the government failed to bring the defendant before this court on these charges until after the defendant had been released from state prison on the IHOP charges. I request that Mr. Norton provide the report to me on or before August 4, 2005, and that he provide copies to counsel.

2.   The parties are notified that I may depart or deviate (vary) from the Advisory Guidelines and impose a sentence less than called for under those Guidelines for reasons similar to those articulated by Mr. Norton. See also, United States v. Wehrbein, 61 F. Supp.2d 958, 980 (D. Neb.1999) (departure under U.S.S.G. § 5K2.0 was warranted based in part upon the fact that tardy federal

_____

[1]In the Eighth Circuit, a district court may depart downward in career offender cases for overstatement of criminal history both as to the criminal history category (a horizontal departure) and as to the offense level (a vertical departure). See, e.g., United States. v. Greger, 339 F.3d 666, 668-69 (8th Cir. 2003).

prosecution followed service of state prison sentence on similar charges); U.S.S.G. § 4A1.3(b) (downward departure for over-representation of criminal history category).

July 22, 2005.                    BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge