IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | Case No. 8:04CR204 |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs    ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| GARY DEAN GOCHENOUR,    ) | |
| ) | |
| Defendant.    ) | |

Pending before me is a motion (filing 51) for departure or variance in a unique case involving a delayed prosecution for bank robbery. I have taken evidence on the motion. After much study, I am uncertain about what decision to make. I spoke with counsel and the probation officer on September 8, 2005, regarding my perplexity.

In particular, I discussed with counsel the question of whether I should continue sentencing for more than a year—until November of 2006—to gather more information on the defendant's progress subsequent to his release from state prison.[1] I indicated that I would not continue the matter unless Mr. Gochenour requested and consented to a continuance.

---

[1] On the state charges, the defendant was placed on work release starting October 27, 2003. (PSR ¶ 91.) He was finally discharged from state custody on May 11, 2004, but he was arrested on this delayed federal prosecution on that same day. (PSR at page 1 & ¶¶ 66-67.) On May 19, 2004, Gochenour was released subject to electronic monitoring. (PSR ¶ 5.) Electronic monitoring was discontinued on September 14, 2004. (Id.) According to the pretrial service officer, Mr. Gochenour has had "'absolutely no problems'" on pretrial release. (Id.) In fact, as I shall discuss in a moment, a strong argument can be made that Gochenhour has demonstrated extraordinary post-offense rehabilitation.

Defense counsel agreed that I should enter a memorandum and order setting forth my thoughts and giving Mr. Gochenour the choice to proceed to sentencing promptly or to continue this matter until November, 2006.[2]  I do so next.

### *My Current But Tentative Thoughts On the Merits of the Motion*

Pursuant U.S.S.G. § 4A1.3, I am tentatively inclined to grant the departure motion for overstatement of criminal history and depart to a combined adjusted offense level of 28 (PSR ¶ 54 (stating the adjusted offense level before career offender adjustment) and criminal history category V.

The two burglaries that generate 9 criminal history points and a career offender designation appear to overstate the seriousness of those offenses. (PSR ¶¶ 57, 65, 66, 70, 71.)  One burglary involved the defendant entering his grandmother's home with a key while she was gone.  (Filing 57 (Tr.) at 8.) The other burglary involved entering a friend's home through an open window when the defendant knew the friend was not at home.  (Id. at 9.)  One might say that these are burglaries in name only.

Should I so depart for overstatement of criminal history, with 3 points for acceptance of responsibility, the defendant's total offense level would be 25 and his criminal history category would be V.  This produces an advisory Guidelines prison range of 100-125 months.

Pursuant to U.S.S.G. § 5G1.3(c) and U.S.S.G. § 5K2.0, I am also tentatively persuaded that I should depart 35 months below the otherwise appropriate prison sentence.[3]   In short, by delaying the federal prosecution of the defendant until after

---

[2]Counsel for the government neither agreed nor disagreed.

[3]The defendant was detained on the IHOP burglary on June 22, 2001 and not discharged from state prison until May 11, 2004.  (PSR ¶ 67.)

the defendant served his state time, the Guidelines were distorted because this court no longer has the opportunity to run the federal and state sentences concurrently.

With the foregoing assumptions, and considering no other reasons for departure, the presumptive advisory Guidelines prison sentence (at the low-end) would be 65 months. (100 minus 35.) However, the defendant, through his most able counsel, offers additional reasons for departure.

Defense counsel argues, and the evidence strongly suggests, that, since October of 2003 (when the defendant began his work release), Gochenour has engaged in truly extraordinary post-offense rehabilitation. (E.g, filing 57 (Tr.) at 24-34 (testimony of Monte L. Haeffner, President of CM Corporation).) That acknowledged, one of my questions is this: Given his horrid criminal history and abysmal substance abuse record, will Gochenour's rehabilitation stick? If the answer to the preceding question is "yes," then an additional departure *of an unknown degree might* be warranted.

### *The Question of a Continuance*

My difficulty in rendering a decision today is that I am not fully comfortable evaluating the lasting nature of Gochenour's rehabilitation without the benefit of more time. If I were to continue this matter until November of 2006, I would have about 2.5 years after his release from state prison upon which to base my assessment and I would be more comfortable with that span.[4]

As a result, I am willing to continue this matter until November of 2006, with the understanding that there is no assurance whatever that the result of such a continuance will favor the defendant. Indeed, a continuance might even put Gochenour at risk for an increased sentence. With the assistance of his most able counsel, I will allow Gochenour to decide.

---

[4]Again, after work release in October, 2003, he left state prison in May of 2004.

IT IS ORDERED that:

1. No later than Friday, September 23, 2005, Gochenour, through his counsel, shall file a pleading affirmatively stating whether or not Gochenour consents to and requests a continuance of this matter until November of 2006. If Gochenour does not desire such a continuance, his counsel shall file a pleading so stating. That is, a response is required no matter what that response might be. If such a continuance is requested, defense counsel shall also submit an affidavit from Gochenour affirming his consent to, and request for, a continuance and waiving (giving up) any right to a more speedy sentencing determination.

2. If Gochenour requests a continuance, I will continue this matter and set sentencing for sometime in late November of 2006. I will also order an updated presentence report and request that it be provided by November 1, 2006, so that I will have an objective assessment of Gochenour's performance in the interim.

3. If Gochenour does not request a continuance, I will promptly resolve the motion for departure and variance and set this matter for sentencing in the relatively near future.[5]

September 9, 2005.                    BY THE COURT:

                                      s/*Richard G. Kopf*
                                      United States District Judge

---

[5]The defendant should understand that he has no obligation to request and consent to a continuance. Under no circumstances would I hold the decision against him should Gochenour elect not to request and consent to a continuance.